Angela C. Agrusa, Esq. (SBN: 131337)
    aagrusa@linerlaw.com
Kathryn L. McCann, Esq. (SBN: 245198)
    kmccann@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>JONATHAN WAN a/k/a JONATHAN KWOK WAN a/k/a KWOK HUNG WAN a/k/a KWOK WING WAN a/k/a HUNG WAN KWOK; TOMMO INC. d/b/a TOMMO VIDEO GAME DISTRIBUTION and TOMO INC.; and DOES 1 - 10, inclusive,<br><br>    Defendants. | Case No. CV11 05224 SVW (PLAx)<br><br>**ORDER ON THE PARTIES' STIPULATED PROTECTIVE ORDER** |

## ORDER

There being good cause, as set forth in the Stipulation and [Proposed] Protective Order ("Stipulation of the Parties") filed concurrently herewith and entered into by Plaintiff Atari Interactive, Inc. ("Plaintiff") and Defendants Jonathan Wan and Tommo Inc. ("Defendants") (collectively "the Parties") on October 18, 2011, it is hereby ordered that:

1. In connection with discovery furnished by the Parties (or any of their present and former directors, officers, employees and agents) in the Action, counsel for the Parties may designate any nonpublic document, material, or information as "Confidential" under the terms of this Stipulated Protective Order if counsel in good faith believes that it contains the following proprietary or financial information:

    (a) Financial details regarding the parties' internal business operations, including but not limited to revenue and expense reports, market projections, and other financial analysis;

    (b) Financial terms of contracts and/or agreements with manufacturers, distributors and retailers of video game products;

    (c) Information regarding current or former personnel, personal financial information, or other personally identifiable information; and

    (d) Trade secrets, defined pursuant to Section 3426.1 of the California Civil Code as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

    (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

    (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

2. In connection with discovery furnished by any of the Parties (or any of their present and former directors, officers, employees and agents) in the Action,

counsel for the Parties may designate any nonpublic document, material, or information as "Highly Confidential" under the terms of this Stipulated Protective Order if:

    (a)    it is properly designable under the terms of this Stipulated Protective Order as "Confidential" as described above at Paragraph No. 1; and

    (b)    it contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, research, development or financial information to which no personnel of the receiving party previously have had unrestricted access, that, if disclosed to persons other than those permitted under Paragraph 7, could cause irreparable competitive or other injury; and

    (c)    counsel in good faith believes that there is good cause to restrict the personnel of the receiving party from access to such documents, material or information.

3.    Any documents, material, or information to be designated as "Confidential" or "Highly Confidential" shall be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page containing any "Confidential" or "Highly Confidential" documents, material, or information.

    (a)    Affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as "Confidential" or "Highly Confidential," unless otherwise indicated by the producing party.

    (b)    Transcripts of depositions of the parties (or any of their present and former directors, officers, employees and agents) shall be provisionally designated "Highly Confidential" in their entirety until counsel for that party serves a separate written notice setting forth the designations for such transcript on a more specific basis, provided that the designating counsel shall

make the designations within twenty-one (21) days of counsel's receipt of the original deposition transcript.

   (c) If at any deposition in the Action any document, material or information designated as "Confidential" or "Highly Confidential" is marked as an exhibit, inquired about or otherwise used, the portion of the deposition transcript that relates to such documents, material or information shall be automatically treated as if it had been so designated under the terms of this Stipulated Protective Order.

  4. The inadvertent production by any of the undersigned parties of any "Confidential" or "Highly Confidential" document, material or information during discovery in this Action without a "Confidential" or "Highly Confidential" designation, or any other inadvertent production by such party of any document, material or information in discovery in this Action, shall be without prejudice to any claim that such material is "Confidential" or "Highly Confidential" or is privileged in any respect or protected from discovery as work product or as trial preparation material, and such party shall not be held to have waived any rights by such inadvertent production.  In the event that such production occurs, counsel for the producing party shall redesignate the appropriate level of confidentiality, which shall thereafter apply to such document, material or information subject to the terms of this Stipulated Protective Order.  Counsel for the producing party will also re-produce the documents with the appropriate confidentiality designation.  In the event that any document that is subject to a claim of privilege or that is protected from discovery as work product or as trial preparation material is inadvertently produced, the party that inadvertently received the document shall return the document together with all copies of the document to counsel for the producing party promptly after it receives a written notice from counsel for the producing party that the document was produced inadvertently.

5.     Each party understands that treatment of documents and information as "Confidential" or "Highly Confidential" requires additional procedures (as specified in this Stipulated Protective Order) and litigation therefore can be more burdensome to the extent that such designations are used.  Each party therefore expressly agrees that these designations will be used only when there is a good faith belief that they are warranted.  A party receiving documents, material, or information designated as "Confidential" or "Highly Confidential" may object to and request the removal of such designation, initially by making a good faith effort to resolve any such objection by contacting the producing party, and thereafter by court intervention, using the procedure set forth in Local Rule 37.  Each party agrees that it will promptly meet and confer in good faith about the removal of a confidentiality designation from a particular document or documents when another party gives notice of its belief that the designation was not appropriate with respect to the document(s) specified.  While any application, motion, or other such filing pertaining to the appropriateness of a confidentiality designation is pending before the Court, the documents, material, information or testimony in question shall be treated as "Confidential" or "Highly Confidential" pursuant to this Stipulated Protective Order.  In addition, to the extent the parties desire to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

6.     Documents, material or information designated as "Confidential" (and any information derived therefrom) may be disclosed or made available by the receiving party only to the following:

     (a)     The Court (including the Court's administrative and clerical staff) in written submissions or at any oral hearing in the Action (in the manner provided by paragraph 10 of this Stipulated Protective Order);

   (b) (1) Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any party. (2) In-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff employed by such counsel.  <u>Provided</u>, <u>however</u>, that each non-lawyer given access to documents, material or information designated as "Confidential" shall be advised that such documents, material or information are being disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

   (c) Those officers, directors, partners, members, employees and agents of the undersigned parties that counsel for such parties deems necessary to aid counsel in the prosecution and defense of this Action; <u>provided</u>, <u>however</u>, that prior to the disclosure of documents, material or information designated as "Confidential" to any such officer, director, partner, member, employee or agent, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached to the Stipulation of the Parties as Exhibit A;

   (d) Court reporters transcribing depositions in the Action;

   (e) Any deposition, trial or hearing witness in the Action who previously has had access to the documents, material or information, or who is currently an officer, director, partner, member, employee or agent of an entity that has had access to the documents, materials or information;

   (f) Outside experts, advisors and/or translators consulted by the undersigned parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; <u>provided</u>, <u>however</u>, that prior to the disclosure of documents, material or information designated as "Confidential"

to any such expert, advisor, and/or translator, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached to the Stipulation of the Parties as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert, advisor, and/or translator, promptly to notify counsel for the designating party of such breach or threatened breach;

(g) Vendors retained by or for the Parties or their counsel to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; _provided_, _however_, that prior to the disclosure of documents, material or information designated as "Confidential" to any such person, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached to the Stipulation of the Parties Exhibit A;

(h) Any mediator or arbitrator that the Parties engage in this matter or the Court appoints; _provided_, _however_, that prior to the disclosure of documents, material or information designated as "Confidential" to any such mediator or arbitrator, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached to the Stipulation of the Parties as Exhibit A;

      (i) Governmental law enforcement agencies and other governmental bodies pursuant to a valid subpoena, <u>provided</u> that:

          (i) the subpoenaed party give counsel for the designating party written notice of such subpoena within the shorter of (a) five (5) business days after service of the subpoena, and (b) five (5) business days prior to any production of documents, material or information in response thereto; and

          (ii) at or before the time of production the subpoenaed party proceed in good faith to seek to obtain confidential treatment of such "Confidential" subpoenaed documents, material or information from the relevant governmental law enforcement agency or body to the fullest extent available under law; and

      (j) Any other person that the Parties agree to in writing; <u>provided, however</u>, that prior to the disclosure of documents, material or information designated as "Confidential" to any such person, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached to the Stipulation of the Parties as Exhibit A.

7. For documents, material, or information designated as "Highly Confidential" (and any information derived therefrom), the following procedures shall apply:

      (a) The designation "Highly Confidential" shall be used with respect to such documents, material or information in lieu of "Confidential."

      (b) Documents, material or information designated "Highly Confidential" shall receive all the same protections and treatment provided under this Stipulated Protective Order as if they had been designated "Confidential," except that disclosure thereof under paragraph 6(b) of this

Stipulated Protective Order shall not extend to in-house counsel of the receiving party and there shall be no disclosure thereof under paragraph 6(c) of this Stipulated Protective Order.

(c) The provisions of paragraphs 5, 11 and 12 of this Stipulated Protective Order as to the handling of disputes concerning the propriety of any designation of documents, material or information as "Confidential," and as to the availability of applications to the Court in relation thereto, shall apply equally to any disputes concerning the propriety of any designation of documents, material or information as "Highly Confidential."

8. Documents, material or information designated as "Confidential" or "Highly Confidential" shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever.

9. Nothing herein shall impose any restrictions on the use or disclosure by any party or witness of documents, material or information known or obtained by such party or witness, by legitimate means, independently of the discovery obtained in the Action, whether or not such documents, material or information may additionally have been obtained through discovery in the Action.

10. If documents, material or information designated as "Confidential" or "Highly Confidential" are to be included in any papers to be filed with any court or are to be otherwise used before any court, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Any party to the Action (or other person subject to the terms of this Stipulated Protective Order) may ask the Court, after appropriate notice to the other

parties to the Action, to modify or grant relief from any provision of this Stipulated Protective Order, using the procedure set forth in Local Rule 37.

12.  Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

(a)  operate as an admission by any person that any particular documents, material or information contain or reflect trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

(b)  prejudice in any way the right of any party (or any other person subject to the terms of this Stipulated Protective Order) at any time:

(i)  to seek a determination by the Court of whether any particular document, material or information should be subject to protection as "Confidential" or "Highly Confidential" under the terms of this Stipulated Protective Order; or

(ii)  to seek relief from the Court on appropriate notice to all other parties to the Action from any provision(s) of this Stipulated Protective Order, either generally or as to any particular document, material or information, using the procedure set forth in Local Rule 37.

13.  Upon the termination of the Action (including all appeals), the Parties either (a) shall promptly return to counsel for each designating party all documents, material or information designated by that party as "Confidential" or "Highly Confidential" and all copies thereof (except that counsel for each party may maintain in its files one copy of each pleading filed with any court and one copy of each deposition together with the exhibits marked at the deposition), or (b) may agree with counsel for the designating party upon appropriate methods and certification of destruction of such documents, material or information.  Also at such time, counsel for the designating party shall be given copies of each statement in the form attached

to the Stipulation of the Parties as Exhibit A that was signed pursuant to ¶ 6 of this Stipulated Protective Order.

14.     This Stipulated Protective Order shall survive the termination of this action, to the extent that the information contained in "Confidential" or "Highly Confidential" documents, material or information is not or does not become known to the public, and the Court shall retain jurisdiction over this Stipulated Protective Order for the purpose of enforcing it.

15.     Any party to the Action who has not subscribed to this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Stipulated Protective Order.

16.     Any documents, material or information that may be produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" or "Highly Confidential" under the terms of this Stipulated Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto.  Any such designation shall also function as a consent by such producing party to the authority of the Court in the Action to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Stipulated Protective Order.

17.     The parties and all signatories to the Certification attached to the Stipulation of the Parties as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the parties'

intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

IT IS SO ORDERED.

Dated: October 28, 2011  _____
The Honorable Paul L. Abrams
United States Magistrate Judge